UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.                                    Case No. 21-CR-50

ROBERT NARVETT,

                    Defendant.

## ORDER

Robert Narvett is charged in an eleven-count indictment with offenses related to an alleged fraudulent investment scheme. (ECF No. 1.) The fraud allegedly included a Ponzi-style investment scheme as well as obtaining loans on behalf of individuals without their consent. (ECF No. 1.)

Before the court is the defendant's motion seeking access to the personal financial records of the alleged victims. Although defense counsel has access to these records, the government has refused to produce them to Narvett personally. Rather, the government insists that, if Narvett wishes to review the records, he must do so at his attorney's office and that in doing so, according to Narvett, he may not take notes. (ECF No. 21-1 at 3.)

Narvett argues that these restrictions are unreasonable and would require defense counsel to spend "hundreds of hours" at $155.00 per hour to "'hand hold' the defendant as he is forced to engage in a severely restricted discovery review." (ECF No. 21-1.) Narvett argues that, insofar as the government has concerns that he will misuse the personal information contained in the records, the government should redact any personal identifying information.

The government responds that its proposed restrictions are consistent with those approved in other cases in this district (ECF No. 23 at 3-4 (citing *United States v. Quinn*, 20 CR-216-LA-SCD; *United States v. Okpara*, 20-CR-155-LA-WED)) and in other courts within the Seventh Circuit (ECF No. 23 at 4 (citing *United States v. Russell*, 2015 WL 6460134 (S.D. Ill. October 27, 2015); *United States v. Brasher*, 2018 WL 1609270 (S.D. Ind. April 3, 2018))).

Narvett's motion rests largely on two premises: (1) that it is more efficient to require the government to redact personally identifying information (and allow Narvett to have custody of the relevant discovery) than it is to require appointed counsel to charge for hundreds of hours under the Criminal Justice Act for time spent sitting with Narvett as he reviews the discovery; and (2) it is unreasonable for the government to prohibit Narvett from taking notes as he reviews the discovery.

As to this second point, the government's proposed protective order expressly permits the defendant to take notes. (ECF No. 23-1, ¶ 3.) It requires only that "any notes

2

or records made during such a review must remain in the sole custody and control of Defendant's counsel." (ECF No. 23-1, ¶ 3.) Even after the government in response noted Narvett's misrepresentation of its proposal (ECF No. 23 at 3), Narvett in reply has persisted in insisting that the government seeks to bar him from taking notes (ECF No. 26 at 1, 2 (attempting to distinguish certain authority cited by the government because in those cases "[t]he protective orders did not prohibit the defendant from taking notes" and "do not have a note taking prohibition")).

As for the government's proposal that the defendant review the documents "in the presence of defense counsel" (ECF No. 23-1, ¶ 2), such a restriction is inefficient, unreasonable, and disproportionate given both the quantity and nature of the information at issue. The government represents that the present dispute involves "over 21,000 pages and 9GB of data." (ECF No. 23 at 3.) Although the information is sensitive and the government has demonstrated good cause as to why it is inappropriate for Narvett to have unfettered access to the records, the information is not of a nature that it is necessary for the defendant to be constantly supervised by counsel during his review of the information in counsel's office. Requiring Narvett to access the documents in defense counsel's office, precluding copying, and requiring that any notes remain with defense counsel appropriately balances the concerns identified by the government in light of the time that would be necessary for the government to redact the personally identifiable information from all of the records and the expense of having defense

3

counsel supervise the review. Defense counsel supervising the defendant's review of voluminous discovery is not likely to be an expenditure that is reasonable and acceptable given the facts of the case and likely would not be compensable under the Criminal Justice Act.

**IT IS THEREFORE ORDERED** that Narvett's motion to compel un-redacted discovery (ECF No. 21) is **denied**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Crim. P. 16(d), the following protective order shall apply in this action:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Certain non-redacted records containing personally identifying information which the government designates as "SENSITIVE" shall remain in the offices of defense counsel or otherwise in the sole custody and control of defense counsel. These materials may be reviewed by the defendant, licensed investigators employed by defense counsel, and any other individuals

deemed necessary by the defense either in the presence of defense counsel or in defense counsel's offices.

3. Defendant may review materials designated SENSITIVE" in the presence of defense counsel or in defense counsel's offices, and defendant is permitted to take notes regarding those materials, but any notes or records made during such a review must remain in the sole custody and control of Defendant's counsel.

4. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than authorized persons. Authorized persons include: attorneys employed by the defendant in related proceedings and the expert witnesses employed by them; persons employed to assist in the defense, including expert witnesses; persons who are interviewed as potential witnesses; counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Authorized persons may be shown copies of the materials as necessary to prepare the defense but may not retain copies without prior permission of the Court.

5. Defendant, defendant's counsel, and authorized persons described above shall not copy or reproduce the materials except as outlined above. Such

copies and reproductions shall be treated in the same manner as the original materials.

6. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

7. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

8. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials. Personal identifying information contained in any discovery material shall be properly and fully redacted if the

6

discovery material is filed with this Court. If it is necessary for the Court to review the personal identifying information contained within the discovery materials or a description thereof, such filing shall be made under seal.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Dated at Milwaukee, Wisconsin this 26th day of July, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge