UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                Case No. 21-CR-50

ROBERT NARVETT,

        Defendant.

## ORDER REFERRING CASE TO MAGISTRATE JUDGE

Robert R. Narvett was charged in an eleven-count indictment with multiple counts of wire fraud, bank fraud, identity theft and money laundering. He ultimately entered pleas of guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of money laundering, in violation of 18 U.S.C. § 1956. The charges grew out of a Ponzi scheme he operated over a lengthy period of time in which he deliberately deprived family and friends of their life savings and livelihoods. At the sentencing hearing held on May 4, 2022, the Court heard the heart-wrenching accounts of the impact of his crimes from many of Narvett's victims. During his allocution, Narvett acknowledged that he had read the written victim impact statements that were submitted in the case and listened closely to the statements his victims made orally to the Court. He not only accepted complete responsibility for his crimes but admitted that what he did was "ten times worse" than what the victims and prosecutors conveyed at sentencing. Dkt. No. 56 at 58:20-59:02. The Court, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), imposed a sentence of 180 months in the custody of the Bureau of Prisons and ordered payment of the undisputed portion of the restitution amounting to $1,003,222.45.

Pursuant to the plea agreement, the parties acknowledged that additional claims for restitution would be forthcoming, since some of the amounts that Narvett obtained from his victims were cash amounts that they handed over to him after taking out mortgages and other loans. Accordingly, pursuant to 18 U.S.C. § 3664(d)(5) and with consent of the parties, the Court held open the determination of the remaining portion of the restitution that Narvett would be required to pay with instructions that the parties notify the Court if they were unable to agree on an amount so the Court could conduct a hearing within 90 days. On July 7, 2022, the Government filed an unopposed motion for a hearing, noting that the parties were unable to reach an agreement. The hearing was scheduled for July 25, 2022, with the understanding that it would be conducted via video conference.

Unfortunately, when the case was called, the officials at FCI Milan, where Narvett is currently in custody, were unable to locate him and thus the hearing could not be conducted. While discussing the nature and extent of the disagreement of the parties, it became clear that the restitution determination was more complex than the Court had anticipated. To begin with, counsel for Narvett objected to the Government playing almost any role in presenting the evidence necessary to determine the additional amount of restitution the defendant owed. In the defendant's view, the plea agreement foreclosed the Government from advocating the payment of any additional restitution beyond the amount set forth in the plea agreement. The plea agreement contains no such limitation. It states:

> The defendant agrees to pay restitution as ordered by the court. The parties agree to recommend to the sentencing court that the defendant pay restitution of $1,003,222.45. The parties understand and acknowledge that the victims may have additional documentation of restitution due and owing in excess of that amount that may be considered by the Court. The parties acknowledge and agree that in the event Defendant pays restitution in advance of sentencing, that will be considered in the ultimate sentencing recommendation by the parties. The defendant understands that because restitution for the offenses is mandatory, the amount of restitution shall be imposed by the court regardless

2

> of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

Dkt. No. 32, ¶ 27. Nothing in the language quoted above limits the Government's right or obligation to present evidence at a restitution hearing so that the Court may discharge its duty to determine the amount of restitution. In other words, the agreement simply states that the parties agree to recommend restitution of a particular amount. They also understood that additional amounts would be claimed. Nothing in the agreement precludes the Government from presenting that evidence and assisting the Court in its determination of the ultimate amount. Accordingly, the defendant's objection to such conduct on the part of the Government is overruled and his allegation that the Government has breached the plea agreement by indicating its belief that additional restitution is due and owing is rejected.

Nevertheless, given the complexity of the restitution issue, the Court is satisfied that this is an appropriate case to refer to the assigned magistrate judge pursuant to §3664(d)(6). Although, as noted above, the defendant acknowledged at sentencing that what he did was "ten times worse" than what the victims and prosecutors conveyed at sentencing, he now contends that the restitution claimed by the victims exceeds the amounts he took from them. The difficulty in determining the precise amounts, as the parties explained at sentencing, is that the FBI was able to trace certain amounts from the records they obtained from the defendant. Some of the defendant's payments credited by the FBI, however, appear to be payments of interest due on loans the victims took out at his direction to meet the investment obligations he contrived. Victims also claimed that additional amounts were paid to him in cash and did not show up in his records. They cashed in retirement accounts, borrowed against their homes, and took out personal loans in order to continue feeding the investments Narvett falsely claimed he had made on their behalf. The additional

3

amounts are intended to reflect the differences between what the FBI was able to determine from the defendant's records and the additional cash amounts that the victims provided.

In any event, given the need for additional clarification and evidence, the Court concludes that this is an appropriate matter for referral to the magistrate judge for proposed findings of fact and recommendations as to disposition pursuant to the statute. Both the magistrate judge and the parties are directed to the decision of the United States Court of Appeals in *United States v. Robl*, 8 F.4th, 515 (7th Cir. 2021) for guidance as to how the hearing may be conducted. In particular, the Court notes that the amount of restitution is still not readily ascertainable and cannot be determined on the current state of the record absent additional explanation or evidence. The Court therefore refers this issue to the magistrate judge with directions that the Court be furnished with a report and recommendation. Accordingly, this case is referred to Magistrate Judge William E. Duffin.

**SO ORDERED** at Green Bay, Wisconsin this 25th day of July, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge