UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                    Case No. 21-CR-50

ROBERT NARVETT,

        Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AS TO RESTITUTION AND FOR AMENDMENT OF JUDGMENT**

      Robert Narvett was charged in an eleven-count indictment with multiple counts of wire fraud, bank fraud, identity theft and money laundering, and ultimately entered pleas of guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of money laundering, in violation of 18 U.S.C. § 1956. The charges grew out of a Ponzi scheme he operated over a lengthy period of time in which he deliberately deprived family and friends of their life savings and livelihoods. On May 4, 2022, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court imposed a sentence of 180 months in the custody of the Bureau of Prisons. The Court also ordered payment of the undisputed portion of the restitution amounting to $1,003,222.45 in accordance with the Plea Agreement. Dkt. No. 32 at ¶ 27. Based on the parties' understanding that additional restitution requests would be considered by the Court, a final determination of restitution was held open with the understanding that the parties would attempt to reach agreement on the amount and notify the Court in the event they could not agree.

      On July 7, 2022, the Government filed an unopposed motion for a hearing, noting that the parties were unable to reach an agreement on the remaining amount of restitution. A hearing on

the matter was scheduled for July 25, 2022, with the understanding that it would be conducted via video conference. Unfortunately, when the case was called, the officials at FCI Milan, where Narvett had been placed, were unable to locate him and thus the hearing could not be conducted. While discussing the nature and extent of the disagreement of the parties, it became clear that the restitution determination was more complex than the Court had anticipated. The Court therefore elected to refer the issue to Magistrate Judge William E. Duffin pursuant to 18 U.S.C. § 3664(d)(6).

Based on his consideration of the written submissions of the parties and the evidentiary hearing he conducted, Magistrate Judge Duffin issued a Report and Recommendation on April 24, 2023, in which he recommended that the total restitution be set at $1,683,068.23. Dkt. No. 86. The specific amounts owed to each victim are set out in a chart. Narvett filed objections to the Report and Recommendation that essentially restated his previous arguments that Magistrate Judge Duffin rejected. Having considered the original submissions of the parties, Magistrate Judge Duffin's Report and Recommendation, Narvett's objections, and the Government's response, I now conclude that Narvett's objections should be overruled and the Report and Recommendation adopted in full. Accordingly, based upon the findings made by Magistrate Judge Duffin and adopted by the Court, restitution is hereby set at the total sum of $1,683,068.23, to be paid as shown in the chart that appears at page 15 of Magistrate Judge Duffin's Report and Recommendation.

Although Narvett has filed a notice of appeal from the judgment of conviction previously entered in the case, his notice of appeal does not divest this court of jurisdiction to award restitution. *See United States v. Harrison*, 823 F. App'x 430, 432–33 (7th Cir. 2020) (citing *Dolan v. United States*, 560 U.S. 605 (2010); *Manrique v. United States*, 581 U.S. 116 (2017)). For this reason and in accordance with the finding set forth above, the Clerk is directed to enter an amended

judgment of conviction in this matter setting forth the restitution as determined by Magistrate Judge Duffin.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of June, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge